# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDORE B. MENSAH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | Case No. EDCV 18-00462 SJO (AFM)<br><br>**ORDER DISMISSING PETITION AS MOOT** |

On March 7, 2018, petitioner, who is subject to a final order of removal, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. At the time he filed the petition, petitioner was in custody of the United States Immigration and Customs Enforcement ("ICE"). The petition challenges petitioner's continued detention by ICE pending his removal. On March 19, 2018, mail addressed to petitioner at the facility in which he had been detained was returned to the Court as undeliverable with a notation that petitioner had been released. (ECF No. 4.) On April 2, 2018, in response to this Court's order, respondent filed a brief attaching documentation showing that petitioner was

removed from the United States on March 12, 2018 and arguing that his petition should be dismissed as moot. (ECF No. 7.) Petitioner [did not] file a reply.

Federal court jurisdiction is limited to adjudication of actual cases and live controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam). A petition for a writ of habeas corpus becomes moot when a prisoner who requests release from custody is released before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982); *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once a convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained.").

In this petition, petitioner seeks an order releasing him from ICE custody pending his removal. (ECF No. 1 at 6.) Because petitioner already has been released from custody and removed, there is no additional relief that this Court could grant petitioner. Accordingly, the petition is dismissed without prejudice as moot. *See Picrin–Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (where release from custody was the only relief sought, petitioner's release rendered case moot); *Chan v. Sec'y of Homeland Sec.*, 2016 WL 4204596, at *2 (C.D. Cal. Aug. 5, 2016) (petition challenging continued detention pending removal rendered moot by petitioner's removal); *Kafatia v. Gilkey*, 2012 WL 1987136, at *3 (C.D. Cal. Apr. 25, 2012) (petition seeking release from ICE custody pending removal moot where petitioner was released from ICE custody and removed to Malawi), *report and recommendation adopted*, 2012 WL 1986316 (C.D. Cal. May 31, 2012).

DATED: 4/24/18

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE